UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ISRO KARAKUS, a/k/a KEVIN ISA KARAKUS

and

LALE KARAKUS,

                           Plaintiffs,

         -against-

WELLS FARGO BANK, N.A.,

                           Defendant.
------------------------------------------------------------------ x

MEMORANDUM AND ORDER

09-cv-4739 (ENV) (SMG)

VITALIANO, D.J.

      Plaintiffs Lale Karakus and Isro Karakus ("the Karakuses") move under Rule 60(b) for reconsideration of the Court's dismissal of Wells Fargo Bank, N.A. ("Wells Fargo") as a defendant in this case. Familiarity with that decision is presumed. *See Karakus v. Wells Fargo Bank*, No. 09–cv–4739 (ENV) (SMG), N.A., ___ F.Supp.2d ___, 2013 WL 1743846 (E.D.N.Y. Apr. 22, 2013). Plaintiffs' motion is denied.

## Discussion

      On November 2, 2009, the Karakuses brought this action against Wells Fargo in connection with a home mortgage refinancing arrangement they had entered into with the bank. In its April 22, 2013 Order, the Court dismissed Wells Fargo as a defendant, along with all of plaintiffs' causes of action except for a Truth in Lending Act ("TILA") claim seeking the rescission of a $265,000 mortgage refinancing loan. In the same Order, the Court directed joiner of Deutsche Bank National Trust Company ("Deutsche Bank"), since, in September 2009, Wells Fargo had transferred all of its interest in plaintiffs' loan to Deutsche Bank.

1

By their letter motion,[1] plaintiffs now seek reconsideration of the Court's dismissal of Wells Fargo, contending that complete relief "requires Wells Fargo's presence in order for Mrs. Karakus to be made whole," since the closing costs and interest on the loan were paid to Wells Fargo, not Deutsche Bank. (Pl.'s Letter (Dkt. No. 55) at 1). The Karakuses argue that, unless Wells Fargo remains a defendant in this action, "Mrs. Karakus will never recover that money," because "Deutsche Bank has not received it as far as one knows, so the bank will protest that it should not have to 'repay' funds that it never got." (*Id.*). Wells Fargo counters that "TILA expressly provides that the right of rescission is 'unaffected' by assignment," and that, in any event, the Karakuses will be unable to tender the loan balance to the current mortgage holder and will not be entitled to rescission. (Wells Fargo's Letter (Dkt. No. 56) at 1)).

Regardless of whether plaintiffs have the financial wherewithal to tender the outstanding loan balance, reconsideration is unwarranted. Simply put, given the terms of the mortgage assignment, the Karakuses' argument misses the mark. The assignment describes the mortgage as being "in the amount of Two hundred and sixty five thousand dollars ($265,000) *and interest*," and states that "[Wells Fargo] hereby assigns unto [Deutsche Bank] the said Mortgage . . . [and] grants and conveys unto [Deutsche Bank], [Wells Fargo's] beneficial interest under the Mortgage." (McKenney Decl. (Dkt. No. 22), Exh. E)) (emphasis added). This "beneficial interest" is not limited in any way, and explicitly includes interest payments on the entire $265,000 loan. Although the assignment document does not directly refer to closing costs, those payments were benefits Wells Fargo received as part of the loan agreement and fall within the scope of that entity's "beneficial interest under the Mortgage" that it assigned to Deutsche Bank. Irrespective of whether Deutsche Bank actually received those funds from Wells Fargo as an

---

[1] Plaintiffs' letter technically requests a pre-motion conference to discuss a proposed Rule 60(b) motion. However, the Court construes the letter as the motion itself.

2

earmarked account (or whether the proceeds were factored in as a discount or were in some other way considered in structuring the assignment), Deutsche Bank clearly assumed the risk when accepting the assignment that it might have to reimburse the Karakuses for such costs in the event of litigation or even rescission by agreement. Deutsche Bank's presence in this case is, accordingly, sufficient to afford the Karakuses complete relief, or whatever level of relief TILA may permit.[2]

More importantly, the Karakuses apparently misperceive the nature of the rescission process itself. Their argument suggests that rescission involves nothing more than the lender's removal of the lien on the borrower's property and its return of all interest payments and closing costs to the borrower. However, equitable principles *also* require a borrower to tender the unpaid principal balance of the loan to the creditor before the borrower is entitled to rescission. *See, e.g.*, *Moazed v. First Union Mortg. Corp.*, 319 F.Supp.2d 268, 272-74 (D. Conn. 2004) (denying rescission under TILA on summary judgment due to plaintiff's inability to tender unpaid loan balance to lender); *Nunes v. Wells Fargo Bank, NA*, No. 10–CV–1270 (DLI) (RLM), 2013 WL 1169762, at **3-4 (E.D.N.Y. March 20, 2013) (collecting cases and holding similarly); *Iroanyah v. Bank of America, N.A.*, 851 F.Supp.2d 1115, 1126 (N.D. Ill. 2012) (tender amount is "correctly calculated . . . by subtracting finance charges and fees paid from the remaining loan principal").

In other words, even if the Karakuses are otherwise entitled to rescission under TILA,

---

[2] In support of their claim, the Karakuses cite *Miranda v. Universal Fin. Grp., Inc.*, 459 F.Supp.2d 760, 764-65 (N.D. Ill. 2006). Yet that case merely holds that TILA grants borrowers right of rescission against both current and former assignees, regardless of whether they still own the loan in question. To the extent that *Miranda* or either of the Karakuses' other cited authorities (a Pennsylvania bankruptcy court opinion and a treatise on TILA) support their argument, the Court finds those authorities unpersuasive on the facts here. All that is in issue is the remedy of rescission, which can be accomplished seamlessly in the absence of Wells Fargo.

they are *not* simply entitled to a check from either Wells Fargo or Deutsche Bank returning their interest payments and closing costs. Rather, they may *deduct* a sum equal to that amount from the amount that *they* must pay to Deutsche Bank to satisfy the outstanding principal balance on the loan as a condition precedent for rescission. Specifically, according to the foreclosure action pending in New York state court, *Deutsche Bank Nat'l Trust Co. as Trustee for RBSGC 2007-B v. Karakus, et al.*, Index No. 131881/09 (Sup. Ct., Richmond Cnty.), the principal balance on the mortgage refinancing loan was approximately $259,000 (plus some $2,000 in fees and escrow advances) as of October 28, 2009. (McKenney Decl. (Dkt. No. 22), Exh. F at 4)). Plaintiffs allege that their closing costs and interest payments amount to $55,880.34. (Pl.'s Letter at 1-2). Accepting this figure as accurate for the purpose of this motion, and deducting it from the claimed outstanding loan balance (an amount that, in its final computation, will be unassailable), the Karakuses must still tender approximately $200,000 to Deutsche Bank in order to effectuate rescission. As a consequence, there can simply be no realistic argument that TILA "requires Wells Fargo's presence in order for Mrs. Karakus to be made whole." (*Id.* at 1).

## Conclusion

For the reasons stated above, the Court denies plaintiffs' Rule 60(b) motion for reconsideration and adheres to its decision ordering the dismissal of Wells Fargo as a defendant in this case.

So ordered.

Dated: Brooklyn, New York
June 14, 2013

                                             s/ ENV
                                       ERIC N. VITALIANO
                                       United States District Judge